## Gerloff v. Gerloff

*Christopher Staub*, for plaintiff.
*Ronald R. Bolig*, for defendant.

MIMS, *J.*, August 5, 1982—Eleanor Gerloff has petitioned for an order of alimony pendente lite to be entered against her husband, Frederick Gerloff, during the pendency of the divorce.

Husband has taken the position that no order should be imposed because there are certain assets, the interest therefrom would be sufficient to assist the wife petitioner, and therefore he should not have to pay from his weekly income.

It was stipulated that the marital residence had been sold and the net proceeds from the sale had been deposited in escrow accounts held by the parties' respective attorneys on condition that the principal as well as interest be held until both parties authorize a withdrawal or upon order of court. The net proceeds were $42,005.45, $10,005.45 of which was deposited in a passbook savings account at five and one half percent interest, and $32,000 in a six-month certificate of deposit at an annual rate of 13.921 percent. The parties by mutual agreement had each withdrawn $2,000 from the passbook savings account, leaving a balance in that account of $6,005.45.

It was calculated that one-half of the interest would be approximately $45 a week. It was husband's position that wife should use this money for her maintenance. Wife is opposed to this since she regards the interest as well as the principal as a marital asset and objects to the 50 percent arbitrary division. On the other hand husband takes the position that since the interest accrued after the separation, it is not a marital asset. We do not decide these issues in this proceeding.

Counsel were unable to direct our attention to any cases on the particular issue presented.

The Divorce Code of 1980, in Section 104, defines alimony pendente lite as an "order for temporary support during the pendency of a divorce or annulment proceeding," and provides that the "court may, in proper cases, allow reasonable alimony pendente lite."

The purpose of alimony pendente lite when considered in the legislative intent set forth in Section 102 of the Divorce Code is to effectuate economic justice by insuring that neither party will suffer undue financial disadvantage during the divorce proceeding.

It would be inequitable as well as contrary to the intent of the Divorce Code to force her to use the interest on the proceeds from the marital residence before there has been an equitable division of the assets, just as it would be inequitable to require her to liquidate or encumber her separate estate in order to maintain herself during the litigation of the divorce.

Section 502 of the Divorce Code authorizes the court upon petition in appropriate cases to allow a spouse reasonable alimony pendente lite.

As Judge Brody held in Orr v. Orr, Montgomery County, no. 81-5892 (slip opinion):

Alimony pendente lite is by definition "support," the standard by which to determine a "reasonable" award under the Code are the same criteria applicable to support decisions.

A support order is intended to provide an allowance which is appropriate for the support and maintenance of the wife based upon the property, income, and earning capacity of the parties, as well as the parties' station in life.

In the instant case husband has net earnings of between $310 and $324 a week and the wife has net income of $144.03 a week and that is not sufficient

to pay all her expenses of maintaining herself. In this case the children of the parties are all emancipated and living apart from their parents. Both parties have to pay rent and certain utilities for their respective apartments. Both have transportation costs. Wife has to privide for her own medical care since husband removed her from his policy when she filed her divorce complaint.

We find that wife has a need and husband has the ability to pay. In reviewing the financial statements of the parties we are satisfied that the recommended order is appropriate. Accordingly, we enter the following

## ORDER

And now, August 5, 1982, Frederick Gerloff is hereby directed to pay the sum of $45 to the Support Officer of Bucks County each and every week as alimony pendente lite for Eleanor Gerloff.

The effective date of this order is June 26, 1982, and Frederick Gerloff is directed to pay $10 a week in addition to the stated order of $45 until the arrearage has been paid in full.